IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


KALIB J. DELVALLE                                                               PETITIONER

v.                              NO. 2:17-cv-00055 JM/PSH

G. BEASLEY, Warden, FCI-Forrest City                                    RESPONDENT


FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

On January 24, 2016, officials at the Federal Prison Camp in Leavenworth, Kansas, recorded a telephone call between petitioner Kalib J. Delvalle ("Delvalle") and his "free world" brother during which they allegedly discussed smuggling a cell phone into the facility. See Docket Entry 8, Exhibit A, Attachment 1 at CM/ECF 4-7.[1] The following day, Delvalle was charged with Attempted Possession/Introduction of Hazardous Tool (cell phone). See Docket Entry 8, Exhibit A, Attachment 1 at CM/ECF 4.[2] He was given a copy of the incident report, given notice of a disciplinary hearing, and advised of his rights. See Docket Entry 8, Exhibit A at CM/ECF 2.[3]

On February 3, 2016, Delvalle appeared at a disciplinary hearing with a staff representative. See Docket Entry 8, Exhibit A at CM/ECF 2. The presiding Disciplinary Hearing Officer ("DHO") found "the statements contained in the incident report, telephone logs from January 24, 2016, and the recorded telephone call to have a greater weight of evidence and found [Delvalle] to have committed [Attempted Possession/Introduction of Hazardous Tool (cell phone)]." See Docket Entry 8, Exhibit A at CM/ECF 2. Delvalle was sanctioned, one part of which was that he lost forty-one days of good conduct time. See Docket Entry 8, Exhibit A, Attachment 1 at CM/ECF 6.

---

[1] On January 24, 2016, Delvalle was confined at the Leavenworth facility. He eventually came to be housed at the Federal Correctional Institution in Forrest City, Arkansas, the warden of which is respondent G. Beasley. Delvalle was confined at the Forrest City facility at the time he began this case.

[2] Delvalle was also charged with Use of the Telephone for an Illegal Purpose. See Docket Entry 8, Exhibit A, Attachment 1 at CM/ECF 4. The charge was later "removed" because the charge was deemed "redundant" to the charge of Attempted Possession/Introduction of Hazardous Tool (cell phone). See Docket Entry 8, Exhibit A, Attachment 1 at CM/ECF 6.

[3] Specifically, Delvalle was notified, inter alia, of his right to call witnesses and to have a staff representative present. See Docket Entry 8, Exhibit A at CM/ECF 2.

Delvalle represents, and the undersigned accepts, that he appealed the DHO's decision. See Docket Entry 2 at CM/ECF 2-3. Delvalle represents, and the undersigned accepts, that the appeal was unsuccessful. See Docket Entry 2 at CM/ECF 2-3.

Delvalle then began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he advanced the following four claims:

(1) The duration of my sentence was lengthened due to a disciplinary sanction that had no proof of the alleged offense other than a vague phone call between me [and] my brother that was misinterpreted into him supposedly bringing me a cell phone.

Neither me nor my brother made any mention of anything that was to be brought for me, nor was anything mentioned other than him being angered about having to go all the way back home to retrieve his cell phone [and] me telling him to watch what he says as I always do. Also when I suggested he bring them both, I was just making a suggestion, thinking pictures were on both. But that was further clarified when he said that there was no chip in one.

(2) I requested that I have staff representation/witness to the incident [and] requested he listen to the recorded conversation which brought the allegation against me.

Counselor Goodwin was quoted in the Disciplinary Hearing Officer's Report as stating, "We met [and] discussed. He requested that I listen to the call. What you read is an accurate description of the phone call. I can't say what his intentions were."

3

(3) The DHO report shows two versions of the recorded phone log [and] paraphrased/obfuscated the second part in section 5 (V) on page 2 for the purpose of misleading.

The first version of the phone call states, "Hey watch this phone, dude, watch this phone." While the second version states, "Hey, Hey, don't say, watch this phone." Two conflicting versions of the phone call. The incident report should have been thrown out based off of G. Crews intentionally obfuscating the record.

(4) There is no proof that my brother was going to introduce contraband to me as alleged in the report. [And] beliefs [and] speculations do not satisfy the "some evidence" standard.

Supporting facts: … The recorded phone call [and] the DHO report. I also have a signed [and] dated affidavit of truth sent to me from my brother Jordan L. Delvalle.

See Docket Entry 2 at CM/ECF 6-8. Delvalle asked that the disciplinary action taken against him be expunged and his good conduct time be restored. He accompanied his petition with an affidavit from his brother, the brother with whom Delvalle spoke by telephone on January 24, 2016. In the affidavit, Delvalle's brother represented that they were not discussing the smuggling of a cell phone into the Leavenworth facility.

Respondent G. Beasley ("Beasley") thereafter filed a response to Delvalle's petition. In the response, Beasley maintained that Delvalle is not entitled to relief. Beasley so maintained because there were no constitutional infirmities in the disciplinary process.

Delvalle filed a reply to Beasley's response. In the reply, Delvalle advanced two contentions. First, he maintained that the "some evidence" standard of Superintendent v. Hill, 472 U.S. 445 (1985), is "unconstitutionally sufficient [and] is a way for inmates … to be erroneously disciplined." See Docket Entry 10 at CM/ECF 1. Second, he maintained that officials at the Leavenworth facility misconstrued the telephone call, noting that "[j]ust because a cell phone was mentioned in the conversation [and] a suggestion [and] a warning to watch what is said does not constitute me trying to smuggle a cell phone into the institution." See Docket Entry 10 at 1-2.

The undersigned has thoroughly reviewed the parties' pleadings and exhibits. On the basis of that review, the undersigned finds that Delvalle's petition should be denied and this case dismissed. The undersigned so finds because there were no constitutional infirmities in the disciplinary process.[4]

Delvalle was given a copy of the incident report and notice of the disciplinary hearing before the hearing was held. He was advised of his right to call witnesses and have a staff representative present. Delvalle called no witnesses but asked for, and was provided, a staff representative. At the conclusion of the hearing, Delvalle was given a written statement containing the DHO's decision and the evidence he relied upon in making the decision, specifically, the statements contained in the incident report, the telephone logs from January 24, 2016, and the recorded telephone call.

---

[4] "To meet the requirements of due process for a prison disciplinary hearing resulting in the loss of good-time credits, the inmate must receive: (1) advance written notice of the disciplinary charge, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773 (1985). Additionally, the findings of the prison disciplinary board must be supported by some evidence in the record. Id." See Wallace v. Rivera, 2016 WL 4183131, 2 (E.D.Ark. 2016) (Deere, M.J.), recommended disposition adopted at 2016 WL 4179899 (Moody, J.).

Delvalle appears to challenge the adequacy of the staff representative's participation, specifically, that the staff representative declined to offer an opinion as to Delvalle's intentions but simply noted that the telephone call was accurately transcribed. The undersigned is not persuaded that the staff representative's participation caused a constitutional infirmity in the disciplinary process. Delvalle has not shown that the staff representative was required to offer an opinion as to Delvalle's intentions and has not shown that there was a sound reason for challenging the manner in which the telephone call was transcribed.

Delvalle maintains that the disciplinary charge should have been dismissed because there is a discrepancy between how the telephone call was transcribed in the incident report and how the telephone call was transcribed in the DHO's decision. In the incident report, Delvalle notes that he is quoted as having said, "Hey, watch THIS phone dude, watch this phone." See Docket Entry 8, Exhibit A, Attachment 1 at CM/ECF 8. In the DHO's decision, the same sentence is transcribed as, "Hey, hey, don't say, watch this phone." See Docket Entry 8, Exhibit A, Attachment 1 at CM/ECF 5.

There is indeed a slight discrepancy between how one sentence of the telephone call was transcribed in the incident report and how the same sentence was transcribed in the DHO's decision. It does not follow, though, that the disciplinary charge should have been, and should now be, dismissed. The undersigned so finds for two reasons.

First, although the sentences as transcribed are not identical, they convey the same idea and adequately apprise the reader of that portion of the brothers' conversation. Delvalle was attempting to remind his brother that their conversation was being recorded, and Delvalle's brother needed to "watch" what was said.

6

Second, assuming that the sentences as transcribed gave rise to error, the error was harmless.[5] The sentences differ by only a few inconsequential words, e.g., "hey, "don't say," "dude." Moreover, the subject matter of the sentences was not relevant to the brothers' discussion about allegedly attempting to smuggle a cell phone into the Leavenworth facility. The subject matter pertained to an ancillary matter.

There were also no constitutional infirmities in the disciplinary process because the DHO's decision is supported by "some evidence" in the record."[6] The DHO could and did rely upon the statements contained in the incident report, the telephone logs from January 24, 2016, and the recorded telephone call. Those documents support the DHO's decision.

Delvalle maintains that officials at the Leavenworth facility misconstrued the January 24, 2016, telephone call, and the DHO misconstrued the call during the disciplinary hearing. It is conceivable that Delvalle and his brother were not discussing smuggling a cell phone, and the DHO could have so construed the telephone call between Delvalle and his brother. The DHO did not do so, though, and his decision to construe the telephone call as he did was within the zone of choice permitted by the evidence. Specifically, he could properly construe the telephone call to be an attempt to smuggle a cell phone.

---

[5] Prison disciplinary hearings are subject to harmless error analysis. See Dullen v. McBride, 27 Fed.Appx. 607 (7th Cir. 2001). The error in this instance, i.e., how one sentence of the telephone call was transcribed, is not a type of "structural error" that calls into question the very accuracy and reliability of the disciplinary process.

[6] The requirements of due process are satisfied if "some evidence supports the decision by the prison disciplinary board to revoke good time credits." See Superintendent v. Hill, 472 U.S. at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." See Id. at 455-456. The undersigned declines Delvalle's invitation to reject or otherwise ignore this standard.

On the basis of the foregoing, it is recommended that Delvalle's petition for writ of habeas corpus be denied and this case be dismissed. Judgment should be entered for Beasley.

DATED this 9th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE